APOLLO  BUILDING  ASSOCIATION  V.  SOPHIA  SCOTT  AND
GEORGE  E.  SCOTT.

1. Sales of property in judicial proceedings should follow immediately after the appraisement (Revised Statutes, Section 5389-5390)—unreasonable lapse of time, ground of setting aside sale, coupled with low appraisement.

2. Advertisements of judicial sales must apprise the public of the *nature* and situation of the property; and, if in the city, its relation to contiguous streets (Revised Statutes, Section 5391-1). An advertisement describing the land only, is not sufficient if *it omits description of tenements thereon.*

3. To authorize a judicial sale of lands on terms of credit, the lands must have been twice offered and remain unsold (Revised Statutes, Section 5417).

4. A purchaser at judicial sale is not a proper party in proceedings to confirm, except by permission of court, and his unauthorized motion should be stricken from the docket at his cost.

(1)  Motion, filed June 20, 1903, by Geo. E. Scott to set aside appraisement and sale.

·(2)  Motion, filed January 27, 1904, by purchasers to confirm sale.

(3)  Motion, filed January 30, 1904, by plaintiff to strike motion of purchasers from files.

HOSEA, J.

In this suit a decree of foreclosure was rendered at the February term of this court, 1901, authorizing an order of sale to issue directing the sheriff to appraise, advertise and sell the mortgaged premises as upon execution, at one-fourth cash and balance in one, two and three years, secured by mortgage, or all cash, at option of purchaser.

An order of sale was issued November 19, 1901, the property appraised at $3,000, and order returned by direction of plaintiff's attorney, January 22, 1902.

A second order of sale was issued April 10, 1903, the property advertised by description of lands only, and sold for $3,650 on May 16, 1903.

The first motion in order of time was reasonably filed by George E. Scott, a defendant, on June 20, 1903, and will be first considered.

The grounds of this motion are: (1) Too low an appraisement; (2) purchase price below real value; (3) other reasons argued at the hearing; and is supported upon the question of value by affidavits of five persons who swear that they are familiar with property and values in that locality, one of whom places the reasonable value at $4,500, three of them at $5,000, and one at $6,000—an average of $5,100.

Three counter affidavits—one by the sheriff's deputy who made the sale, in the nature of an argument for low appraisements generally; one by an appraiser who appraised the property upon the inquisition; and one by the husband of the purchaser as to being refused access to the house upon the property—are filed in opposition to the motion, by the purchasers, who are not parties to the suit. A stranger to the record can not of right take part in proceedings; and while in a proper case one who, although not a party, is interested in the subject-matter (Code, Section 5121), may be permitted to intervene, such permission is within the discretion of the court to grant or refuse. *Callender* v. *Ry.*, 11 O. S., 516 (520). The case of *McBain* v. *McBain*, 15 O. S., 337 (350), cited in argument is not in point. The incidental remark of Judge Welch that "a purchaser, though not a party to a suit is a party to a sale," has reference to constructive notice of irregularities in the proceedings as affecting his title.

In the case at bar, the purchasers have not obtained leave to intervene, and as the affidavits are in the nature of a *lucus a non lucendo,* they encumber the record to no purpose and will be stricken from the files.

Were the question here solely one of value, I would be loth to set aside an appraisement and sale on this ground, in the absence of fraud or manifest mistake.

But an examination of the record discloses other errors deserving of serious consideration.

The testimony as to under-valuation derives added im-

portance from the fact that the appraisement was made about a year and a half prior to the sale. A reading of the statutes relating to execution sales will clearly indicate the policy of the law. By Section 5389, the officer levying an execution is required to summon appraisers, who are required to return to the officer *forthwith* their estimate of the real value in money; and by Section 5390, a copy of this is to be *forthwith* deposited with the clerk and the execution officer is required to *immediately* advertise and sell. There are obvious reasons why this policy of diligence should be recognized and enforced in a country like ours where values are not stable and may undergo material changes from time to time. The great lapse of time between the appraisement and sale coupled with the testimony showing the property to be worth nearly double the appraised value, shows a condition deserving of serious consideration by the court.

This is heightened by a fact of such common knowledge as to justify judicial cognizence, namely: that the appraisement was made during a period of universal depression of real estate values in this community, which has now largely passed away.

But there are still other reasons to be considered. The law relating to advertisements of execution sales (Section 5391-1) contemplates such a description as will apprise the public fully of the nature and situation of the property— a description not only of the land, but also the tenements thereon, if any, and of the exact situation of the property (if in the city) as related to contiguous streets.

In this case, the advertisement is confined to the technical description of the bare land. *Non constat* that if a party desiring to purchase a residence ready for occupancy had seen the advertisement, he would have supposed, from the omission of all reference to the improvements, that it was vacant property. Who can say how many other bidders might have been present if this fact—all the facts contemplated by the statute—had been given?

Nor do I know of any authority in such a case for fixing terms of credit upon the sale in advance of any effort to

sell for cash. The object of execution sales is to convert property into cash for immediate discharge of a judgment, and not to create *new* debts and *new* delays.

The only statutory authority of this nature that I am aware of, is that conferred by Section 5417, authorizing the court, where property is twice offered and remains unsold, to make terms of sale at one-third cash and remaining thirds in successive years.

Taking all these reasons together, I am satisfied that the appraisement and sale should be set aside, and it is so ordered.

This renders it unnecessary to pass upon the other motions excepting for purposes of costs.

As already shown, a stranger to the record can not intervene except by permission of the court. In this case there was no application made and no leave granted. The subsequent motion of the plaintiff was, therefore, properly made and will be granted with costs of both motions and of the affidavits in opposition against the purchaser.

Motion of George E. Scott to set aside appraisement and sale, granted.

Motion of Apollo Building Association to strike from files motion of purchasers, is granted.

Motion of Minnie E. Zimmerman and Emma A. Hamilton, also the three affidavits filed in the cause in their behalf, are stricken from the files at their costs.

*J. H. Charles Smith,* for plaintiff.

*John W. Strehli, Shay & Cogan* and *Dempsey & Fridman,* for defendants.